UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF THE PLUMBERS LOCAL UNION
NO. 1 WELFARE FUND, ADDITIONAL SECURITY         MEMORANDUM
BENEFIT FUND, VACATION & HOLIDAY FUND,          AND ORDER
TRADE EDUCATION FUND AND 401(k)
SAVINGS PLAN ET AL,                             CV 06-6124 (CBA) (JO)
                                    Plaintiffs,

        - against -

RICHMOND PLUMBING & HEATING CO., INC.,
                                    Defendants.
------------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      Attorney Marc A. Tenenbaum ("Tenenbaum") is a member of the bar of the District of Columbia and the State of Ohio, but is not admitted to practice before this court, and is apparently ineligible for such admission pursuant to Local Civil Rule 1.3(a). He now seeks to be admitted *pro hac vice* to appear on behalf of the plaintiffs in the instant case pursuant to Local Civil Rule 1.3(c). For the reasons set forth below, I deny the motion without prejudice to renewal by a properly admitted attorney, upon a showing that such admission is appropriate under the circumstances.

      Tenenbaum, who is employed by the Manhattan law firm of Barnes Iaccarino Virginia Ambinder & Shepard PLLC, has made similar applications, all of which have been granted, in at least three other cases in this district in just the last three months. *See Trustees of the Plumbers Local Union No. 1 etc., et al. v. TMJ Plumbing & Heating Corp. et al.*, docket number 05-CV-2967 (RJD) (RER), Electronic Order dated July 2, 2007; *Reilly et al v. Reem Plumbing & Heating Corp. et al.*, docket number 04-CV-4698 (CBA) (VVP), Electronic Order dated June 14, 2007; *Trustees of the Plumbers Local Union No. 1, etc., et al. v. Riverdale Associates, LLC et al.*,

docket number 07-CV-1740 (SLT) (JO), Electronic Order dated June 28, 2007; *see also Joint Industry Board of the Electrical Industry, et al. v. Local 363 Annuity Fund "E", et al.*, docket number 02-CV-1009 (CBA) (RML), Electronic Order dated March 12, 2002. It is apparent that Tenenbaum regularly engages in the practice of law in New York State and in this district. He represents institutional plaintiffs who are frequent litigants in this court, and his firm regularly appears before me and my colleagues in this district. Yet by virtue of the fact that he seeks and obtains permission to appear *pro hac vice* rather than taking the steps necessary to join the bar of this court, Tenenbaum remains immune to much of the disciplinary oversight to which his colleagues are subjected. *See* Loc. Civ. R. 1.5(b)-(c) (differentiating between members of the bar of this court and others for purposes of defining the grounds for discipline and the types of discipline or other relief available).

This court routinely grants attorneys who practice elsewhere the courtesy of representing clients who find themselves involved in litigation in this court. But "[a]dmission *pro hac vice* is by definition, at most, admission for a single proceeding." *In re Rappaport*, 558 F.2d 87, 88 n.1 (2d Cir. 1977). It is a privilege rather than a right, *see Leis v. Flynt*, 439 U.S. 438, 441-42 (1979), and one that should not be abused. If Tenenbaum intends to continue practicing at a New York firm and representing clients in this court, he can and should be admitted to our bar upon satisfaction of the applicable eligibility requirements. If, on the other hand, he can demonstrate that his recent spate of applications for admission *pro hac vice* represents an aberration in his normal practice, and that he does not anticipate making future similar applications on a routine basis, then I will of course grant him the same courtesy that is routinely afforded to out-of-state counsel in their occasional visits to this district.

Of course, that showing will have to be made by an attorney other than Tenenbaum himself. A motion to admit an attorney *pro hac vice*, like any other application for relief in this court, may only be made by an attorney who is herself already admitted, either as a member of the bar of this court or on a *pro hac vice* basis herself. *See* Loc. Civ. R. 1.5(b)(6) (providing for the discipline of "[a]ny attorney not a member of the bar of this court [who] has appeared at the bar of this court without permission to do so"); *Erbacci, Cerone, and Moriarty, Ltd. v. United States*, 923 F. Supp. 482, 486 (S.D.N.Y. 1996) (denying motion for admission *pro hac vice* by the attorney seeking such admission on the ground that he was not yet permitted to appear before the court to make the request).

Accordingly, for the reasons set forth above, I deny attorney Marc Tenenbaum's application to appear *pro hac vice* in this matter without prejudice to renewal.

**SO ORDERED.**

Dated: Brooklyn, New York
September 5, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge