```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRUSTEES OF THE PLUMBERS LOCAL
UNION NO. 1 WELFARE FUND,
ADDITIONAL SECURITY BENEFIT FUND,                MEMORANDUM
VACATION & HOLIDAY FUND,                         AND ORDER
TRADE EDUCATION FUND AND
401(k) SAVINGS PLAN ET AL.,                      CV 06-6124 (CBA) (JO)
                              Plaintiffs,

        - against -

RICHMOND PLUMBING & HEATING CO., INC.,
                              Defendant.
-------------------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

Pursuant to my order of September 14, 2007, Docket Entry ("DE") 67, the plaintiffs' counsel has submitted a statement of the attorneys' fees incurred as a result of the failure of defendant Richmond Plumbing & Heating Co., Inc. ("Richmond") to comply with my previous discovery orders. Specifically, the plaintiffs seek $4,774.93 as reimbursement for their attorneys' fees for 29.50 hours of work. DE 72. The defendants oppose the request both because they think no such reimbursement is warranted, and because they challenge the amount sought as excessive. I have already granted the defendants an opportunity to be heard on the first question and determined it in the plaintiffs' favor. *See* DE 67. The defendants have neither acknowledged nor met the exacting standard for reconsideration of that decision, and I therefore adhere to it. Accordingly, the only remaining issue is the appropriate amount of fees to be awarded.

I agree with the defendants that the number of hours for which the plaintiffs' attorneys seek reimbursement is excessive. *See Hensley v. Eckhart*, 461 U.S. 424, 434 (1983). The plaintiffs' submission contains duplicative entries that, at a minimum, suggest an inefficiency in

the work being performed, and many of the entries reflect time spent on discovery issues and preparation unrelated to defendant's failure to comply with discovery orders, the costs of which Richmond has no reason to subsidize. One acceptable method for "trimming the fat" from a fee application, and one that consumes fewer judicial resources than a painstaking review of each time-entry, is for the court to impose an "across-the-board percentage" cut of the total amount of time claimed. *In re "Agent Orange" Products Liab. Litig.*, 818 F.2d 226, 237-38 (2d Cir. 1987). Under the circumstances of this case, I conclude that it is appropriate to reduce by 65 percent the number of attorney hours for which the plaintiffs may demand reimbursement. Specifically, I am reducing attorney Charles Virginia's hours from 1.11 to 0.39, reducing attorney Kellie Walker's hours from 22.33 to 7.82, and reducing attorney Nicole Cohen's hours from 6.06 to 2.12.[1]

The rates requested for the lawyers are as follows: $210 for the work of law firm partner Virginia, $160 for the work of associate Walker, and $160 for the work of associate Cohen. The rate for attorney Virginia appears reasonable. *See King v. STL Consulting, LLC*, 2006 WL 3335115, at *7 (E.D.N.Y. Oct. 3, 2006) (finding that hourly rates range from $200 to $375 for partners, $200 to $250 for senior associates, and $100 to $150 for junior associates). Similarly, the rate for attorney Walker appears reasonable for an associate admitted to the bar in 1999. *See* Attorney Detail, http://iapps.courts.state.ny.us/attorney/AttorneyDetails?attorneyId=5528973 (last visited on October 4, 2007). Attorney Cohen was admitted in 2007, making the claimed rate of $160 per hour higher than the maximum approved for junior associates in other cases. *See* Attorney Detail, http://iapps.courts.state.ny.us/attorney/AttorneyDetails?attorneyId=37166311

---

[1] The use of numbers that are precise to two decimal places is no affectation, at least on my part: the plaintiffs' attorneys record their time entries in increments of one one-hundredth of an hour.

(last visited on October 4, 2007); *King,* 2006 WL 3335115, at *7. The rate of $125 per hour is consistent with the amount approved for junior associates in other cases. I therefore order the award of $1,598.10 in attorneys' fees, representing $81.90 for the work of attorney Virginia (0.39 hours at a hourly rate of $210), $1,251.20 for the work of attorney Walker (7.82 hours at a hourly rate of $160), and $265.00 for the work of attorney Cohen (2.12 hours at a hourly rate of $125).

    **SO ORDERED.**

Dated: Brooklyn, New York
       October 4, 2007

                                                 /s/ James Orenstein
                                                 JAMES ORENSTEIN
                                                 U.S. Magistrate Judge